Lorne J Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887-0730

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

HERIBERTO MEJIA
Alien# (unknown)

                -Petitioner

      -against-

Anthony J. LaRocco as Sherrif of Nassau County,
Nassau County Correctional Center,
U.S. Department of Homeland Security
and Executive Office for Immigration Review
                -Respondents

_____

PETITION & AFFIRMATION FOR
**A WRIT OF HABEAS CORPUS,**

Case No.

Petitioner by his attorney, Lorne J. Kelman, complaining of the Respondent respectfully sets forth and allege:

1. I, Lorne J. Kelman, an attorney admitted to practice before the courts of the State of New York affirms under penalty of perjury the following upon information & belief:

2. I represent the Petitioner, an Honduran national who is scheduled for imminent removal by the U.S Department of Homeland Security (DHS).

<u>JURISDICTION & VENUE</u>

3. Petitioner brings this action under 28 USC §2241 and §2242.

4. This Court is empowered under 28 USC §2241 and §2242 to grant the Writ of Habeas Corpus and to declare the rights of the parties herein.

5.  Jurisdiction over habeas corpus petitions exists where the petitioner's custodian can be reached by service of process from the court in which the petition has been brought, see- *Rasul v. Bush, 542 U.S. 466 (2004).*

6.  Venue is proper since petitioner is being held by DHS in East Meadow, New York.

### PARTIES

7.  Petitioner is an individual and national of El Salvador currently detained at the Nassau County Correctional Center in East Meadow, Nassau County, New York by DHS.

8.  Respondent U.S Department of Homeland Security (DHS) has the authority pursuant to 8 USC § 1226 and 1357 to arrest and or detain aliens in the United States and regulate the admission, exclusion, expulsion, or removal of aliens.

9.  Respondent Nassau County Correctional Center, is a detention facility used by DHS to detain aliens.

10. Respondent Anthony J. LaRocco is the Sherrif of Nassau County, who is in charge of the Nassau County Correctional Center, a detention facility used by DHS to detain aliens.

11. Respondent Executive Office for Immigration Review (EOIR) is a sub-agency of the United States Department of Justice whose chief function is to conduct removal proceedings, bond and custody hearings in immigration courts, and adjudicate appeals arising from the proceedings.

### FACTS

12. The petitioner is a citizen of **Honduras** who first entered the United States in or about 2002 with a valid visa.

13. He has been residing in the USA for over 23 years.

14. He has a solid work history and numerous family and relatives in the USA.

15. Petitioner has three children in the USA – Olvin, Yeny and Lucy.

16. Petitioner was arrested by DHS officials on his way to work.

17. This, despite the fact that petitioner was an exemplary employee with no history of violence or drug-related activities.

18. On September 5, 2025, EOIR issued a ruling in which it divested itself of jurisdiction to make bond and custody determinations. (Matter of Jonathan Javier YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025) ("the EOIR ruling")

## GROUND ONE: Violation of Clear Congressional Delegation

19. Both 8 U.S.C.1226(a) and 8 C.F.R. §1236.1(d) explicitly delegate authority to EOIR to "release the alien, and determine the amount of bond, if any". By refusing to exercise jurisdiction, the EOIR ruling is in direct contradiction to the statutes and violates basic principles of statutory interpretation.

## GROUND TWO: Failure to Apply Constitutional Avoidance.

20. Petitioner also submits that the EOIR ruling effectively condemns petition to indefinite detention- a result that was found to be unconstitutional in that it violates the Suspension Clause of the Constitution as per *Zadvydas v. Davis,* et al., 121 S. Ct. 2491 (June 28, 2001) and *Boumediene v. Bush,* 553 U.S. 723 (2008).

## GROUND THREE: Creation of Indefinite Detention Without Due Process

21. The EOIR ruling means petitioner will be permanently detained without hearing- a direct violation of his Due Process right under the Constitution.

22. Petitioner has a strong work ethic and if released, would immediately obtain employment to support himself pending the resolution of his residence application.

23. Petitioner submits that since he is neither a flight risk nor danger to society, has family and friends in the USA and there is no reason not to permit his release and that the decision to detain him acts to thwart and frustrate his ability to effectively pursue his asylum claim.

24. This is the first time petitioner has applied for relief of this nature.

25. Further, petitioner has exhausted all administrative remedies available to him.

## PRAYER

WHEREFORE, petitioner seeks relief in the nature of the following:

- ❑ An Order granting the Writ of Habeas Corpus;

- ❑ An Order granting the Writ of Mandamus as against EOIR so that a determination on his bond and custody application can be made;

- ❑ Any such further or other relief as this court deems just.

All of which is respectfully submitted,

Dated: February 16, 2026      */s/ Lorne Kelman*_____
Valley Stream, NY      LORNE J. KELMAN,
Attorney for petitioner
70 East Sunrise Highway #500
Valley Stream NY 11581
Tel: (516) 887 0730

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**                              Case No.

HERIBERTO MEJIA
Alien# (unknown)
                              -Petitioner

        -against-

Anthony J. LaRocco as Sherrif of Nassau County,
Nassau County Correctional Center,
U.S. Department of Homeland Security
and Executive Office for Immigration Review
                              -Respondents

================================================================

## PETITION & AFFIRMATION FOR WRIT OF HABEAS CORPUS

================================================================

Lorne J Kelman, Esq.
Attorney for petitioner
70 East Sunrise Highway, Suite 500
Valley Stream, NY 11581
(516) 887- 0730